IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | |
|---|---|
| BLAIR DOUGLASS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHARMAVITE LLC, FOODSTATE, INC., PHARMAVITE DIRECT LLC, and BONAFIDE HEALTH LLC,<br><br>Defendants. | Case No. 2:25-cv-01721-MRH |

**PLAINTIFF'S MOTION TO CERTIFY CLASS FOR SETTLEMENT PURPOSES ONLY AND FOR PRELIMINARY APPROVAL OF <u>CLASS ACTION SETTLEMENT</u>**

Plaintiff Blair Douglass, on behalf of himself and all others similarly situated, moves pursuant to Fe. R. Civ. P. 23 for an order certifying a class for settlement purposes only, preliminarily approving the Agreement,[1] approving the proposed notice[2] and notice plan,[3] and setting dates for the submission of objections and a fairness hearing. The Parties have conferred and it is Plaintiff's understanding that Defendants <u>DO NOT OPPOSE</u> the relief this motion seeks. In further support of this motion, Plaintiff states as follows:

1. In April 2024, Plaintiff attempted to access the Defendants' online websites, located at www.pharmavite.com, www.uqora.com, www.equelle.com, www.naturemade.com,

---

[1] The proposed settlement Agreement is attached as Exhibit 1.
[2] The proposed long-form notice accompanies the Agreement as Agreement Exhibit 1.
[3] The proposed notice plan is attached as Exhibit 2.

1

www.megafood.com, and www.hellobonafide.com (collectively, the "Websites" or "Digital Properties"). Doc. 1, ¶¶ 3, 35.

2. Plaintiff was unable to do so because the Digital Properties were incompatible with screen-reader technology. *Id*., ¶¶ 34, 35.

3. On November 4, 2025, Plaintiff filed a class action complaint, alleging that Defendants lack policies and practices necessary to make the Digital Properties accessible to blind users, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA"). *Id*., ¶¶ 6, 38, 39, which allegations Defendants deny.

4. The Parties have since executed a proposed class action settlement Agreement.

5. The Agreement is fair and reasonable, and provides substantial benefits to the class, while avoiding the delay, risk, and cost of litigation. Those benefits do not, however, follow automatically from the execution of the Agreement, as it is contingent upon the Court granting the relief requested by this motion and on the Court approving it at a final fairness hearing.

6. The Agreement facilitates equal access to the Websites for visually disabled individuals in the United States. The Agreement also facilitates equal access to certain digital properties which Defendants acquires in the future years for the period designated in the Agreement.

7. Seven judges in the Western District of Pennsylvania have approved substantially similar class action settlement agreements, including in *Douglass v. Melnor, Inc.,* No. 2:25-cv-00670, 2025 U.S. Dist. LEXIS 203770 (W.D. Pa. Oct. 16, 2025) (Hardy, J.) ("*Melnor*"); *Douglass v. Whitestone Home Furnishings, LLC d/b/a SAATVA,* No. 2:25-cv-00460, 2025 U.S. Dist. LEXIS 188296 (W.D. Pa. Sept. 15, 2025) (Cercone, J.) ("*Saatva*"); *Douglass v. iFit Inc.*, No. 2:23-cv-00917, 2024 U.S. Dist. LEXIS 243178 (W.D. Pa. Apr. 11, 2024) (Horan, J.) ("*iFit*"); *Douglass v.*

*P.C. Richard & Son, LLC*, No. 2:22-cv-00399, 2023 U.S. Dist. LEXIS 246830 (W.D. Pa. June 27, 2023) (Kelly, J.) ("*P.C. Richard*"); *Douglass v. Optavia, LLC*, No. 2:22-cv-00594, 2023 U.S. Dist. LEXIS 246835 (W.D. Pa. Jan. 23, 2023) (Wiegand, J.) ("*Optavia*"); *Murphy v. The Hundreds Is Huge, Inc.*, No. 1:21-cv-00204, 2022 U.S. Dist. LEXIS 211942 (W.D. Pa. Nov. 17, 2022) (Lanzillo, J.) ("*The Hundreds*"); and *Murphy v. Charles Tyrwhitt, Inc.*, No. 1:20-cv-00056, 2022 U.S. Dist. LEXIS 255976 (W.D. Pa. Feb. 16, 2022) (Baxter, J.) ("*Charles Tyrwhitt*").

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Certify the class for settlement purposes only, appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel;[4]

(B) Preliminarily approve the settlement as set forth in the proposed Agreement; and

(A) Approve the notice and notice plan included in the Proposed Order accompanying this Motion.

Respectfully submitted,

Dated: December 11, 2025

*/s/ Kevin W. Tucker*

Kevin W. Tucker (He/Him) (PA 312144)
Kevin J. Abramowicz (He/Him) (PA 320659)
Chandler Steiger (She/Her) (PA 328891)
Stephanie Moore (She/Her) (PA 329447)
Kayla Conahan (She/Her) (PA 329529)
Jessica Liu (She/Her) (PA 328861)
EAST END TRIAL GROUP LLC
6901 Lynn Way, Suite 503
Pittsburgh, PA 15208
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com
kconahan@eastendtrialgroup.com
jliu@eastendtrialgroup.com

---

[4] Plaintiff's counsel's resumes are attached to this motion as Exhibit 3.

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 11, 2025, I will cause a true and correct copy of the foregoing document to be served on Defendants through the Court's Electronic Filing System.

Dated: December 11, 2025                    */s/ Kevin W. Tucker*
                                            Kevin W. Tucker